IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:07-cr-90-WHB-LRA

DERRICK YOUNG

<u>OPINION AND ORDER</u>

This cause is before the Court on Defendant, Derrick Young's Motion to Dismiss for Violation of the Speedy Trial Act. The Court has considered the Motion, Response of the Government, Rebuttal, as well as supporting and opposing authorities and finds that the Motion is well taken and should be granted, and that the Indictment against Young should be dismissed without prejudice.

## I.  Factual Background and Procedural History

On August 22, 2007, Young was indicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Young was arrested on October 9, 2007, and made his initial appearance in the United States District Court for the Northern District of Georgia on that same date. Thereafter, Young was transported from Georgia to the Madison County Jail in Madison, Mississippi. Young did not appear before United States Magistrate Judge Linda R. Anderson until January 18, 2008, at which time he was appointed counsel and was ordered to stand trial on February 19, 2008.

On February 5, 2008, Young filed the subject Motion seeking dismissal of the Indictment against him on the basis that his rights under the Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, had been violated.  The Government has confessed the Motion to Dismiss.  The issue before the Court is whether the Indictment against Young should be dismissed with or without prejudice.

## II.  Discussion

Under 18 U.S.C. § 3162(a)(2):

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant....  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The Fifth Circuit applies the same factors when determining whether an indictment should be dismissed with or without prejudice under the Speedy Trial Act.  See United States v. Blevins, 142 F.3d 223, 225 (5th Cir. 1998).

As regards the first factor, that is the seriousness of the offense, the Court looks to the potential term of incarceration for the violation charged in the indictment.  See United States v. Melquizo, 824 F.2d 370, 371 (5th Cir. 1987) ("Using the punishment prescribed by statute as a measure of the severity of the crime is a proper method of analysis under the [Speedy Trial] Act.").  In

the case *sub judice*, Young could face a maximum ten-year term of imprisonment if convicted of being a felon in possession of a firearm.  The Fifth Circuit has found that an offense which carries a possible ten-year sentence is considered "serious" for the purpose of 18 U.S.C. § 3162(a)(2).  Id. (finding that "a possible sentence of ten years is ... sufficient indication that the offense is serious.").  Accordingly, the Court finds that this factor weighs in favor of dismissal without prejudice.

Under the second factor of 18 U.S.C. § 3162(a)(2), the Court must assess the circumstances preceding the dismissal of the indictment.  This "requires consideration of the Government's reason for having violated the [Speedy Trial] Act." United States v. Martinez-Espinoza, 299 F.3d 414, 418 (5th Cir. 2002) (citing United States v. May, 819 F.2d 531, 533 (5th Cir. 1987)).  In the case *sub judice*, the Government has not offered any explanation for either the complained of delay or the reason Young's rights under the Speedy Trial Act were violated.  As such, the Court must assume that the delay was unjustified, see May, 819 F.2d at 533, and, therefore, weigh this factor in favor of dismissal with prejudice. Id.

Finally, under the third 18 U.S.C. § 3162(a)(2) factor, the Court must consider the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice.  The Fifth Circuit has found that this factor encompasses

three concerns: "the defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of speedy trial requirements; and the public's interest in bringing [the accused] to trial." Martinez-Espinoza, 299 F.3d at 419 (quoting Blevins, 142 F.3d at 226).

In the case *sub judice*, it is clear that the failure by the Government to prosecute resulted in a violation of Young's right to a speedy trial.  It does not appear, however, that Young made any attempt to assert his speedy trial rights until the seventy-day period prescribed under the Act had expired.  See Blevins, 142 F.3d at 226 (finding that the third 18 U.S.C. § 3162(a)(2) factor weighed in favor of dismissal without prejudice in a case in which the defendant "filed nothing with the district court until he sought dismissal of his indictment" and did not "press his right to a speedy trial."); United States v. Johnson, 29 F.3d 940, 946 (5th Cir. 1994) (finding that the third 18 U.S.C. § 3162(a)(2) factor weighed in favor of dismissal without prejudice in a case in which the defendant did not "press his right to a speedy trial."). Additionally, Young has not presented any argument or otherwise shown that he has been prejudiced by the delay.  See e.g. Johnson, 29 F.3d at 946.

Next, there is nothing in the record to show that the Government intentionally delayed the proceedings against Young at any time.  Under such circumstances, the Fifth Circuit has found

that "a dismissal with prejudice for deterrent value would ... be inappropriate." Blevins, 142 F.3d at 226. Additionally, the United States Supreme Court has found:

> Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

United States v. Taylor, 487 U.S. 326, 342 (1988).

Finally, as regards the "public's interest in bringing the accused to trial," the Fifth Circuit has repeatedly found that the public has a great interest in prosecuting defendants who, like Young, are recidivists and have repeatedly committed serious offenses despite their prior convictions. See e.g. Martinez-Espinoza, 229 F.3d at 419 (finding that the public had a "high" interest in bringing the defendant to trial because the crime with which he was charged was premised on a prior felony); Blevins, 142 F.3d at 226; Johnson, 29 F.2d at 946 (acknowledging "that the public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes.").

For these reasons, the Court finds that the third 18 U.S.C. § 3162(a)(2) factor weighs in favor of dismissal without prejudice.

5

Having considered the facts and circumstances in this case in relation to the three factors set forth in 18 U.S.C. § 3162(a)(2), the Court finds that Young's Indictment should be dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Violation of the Speedy Trial Act [Docket No. 11] is hereby granted.

IT IS FURTHER ORDERED that this case is hereby dismissed, without prejudice, in accordance 18 U.S.C. § 3162(a)(2).  An Order of Dismissal shall be entered this day.

SO ORDERED this the 25th day of February, 2008.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE